The order appealed from should be affirmed, with $10 costs, and printing and other disbursements of this appeal. All concur.

---

BUNDSCHU et al. v. SIMON et al.

(Supreme Court, Special Term, New York County. January 24, 1893.)

DISCOVERY—EXAMINATION OF DEFENDANT'S BOOKS.

In an action to set aside a chattel mortgage and a preference in an assignment for the benefit of creditors of one of defendants, where the supplemental petition for discovery alleges that by an examination of defendant's books it would appear that the indebtedness secured by such instruments was fictitious, and that the assignee refuses to allow plaintiffs to make such examination, the assignee will be ordered to produce the books for examination.

Action by Charles Bundschu and another against Barabas Simon and others to set aside a chattel mortgage and an alleged preference in an assignment by one of defendants for the benefit of his creditors. Before trial, plaintiffs petitioned for an order requiring the books of defendant Simon to be deposited with a referee for inspection. The preliminary order was granted, and, defendants not having so deposited the books, plaintiffs now move to make the order absolute. Motion granted.

Plaintiffs' petition was as follows:

The petition of Charles Bundschu and Jacob Gundlach respectfully shows to the court: First. That they are plaintiffs in the action above entitled. Second. That this action was commenced by your petitioners in October, 1892, by the service of the summons and complaint in this action upon the defendant Joseph Weill on October 24th, and upon the defendants Simon on October 28th. Third. That this action is brought to procure a judgment declaring a chattel mortgage made by the defendant Barabas Simon to the defendant Cecile Gabrielle Simon, and a preference of an alleged debt claimed to be owing by said Barabas Simon to said Cecile Gabrielle Simon, in an assignment for the benefit of his creditors made by said Barabas Simon to the defendant Joseph Weill, fraudulent and void; to recover from said Cecile Gabrielle Simon $1,750 paid to her by the defendant Barabas Simon just prior to his assignment to the defendant Joseph Weill; and also for other relief, as will appear by reference to the complaint in this action, which is made a part of the papers upon which this application is based. Fourth. That the defendants have duly appeared herein; the defendants Joseph Weill and Barabas Simon by Messrs. Kantrowitz & Esberg, their attorneys, and the defendant Cecile Gabrielle Simon by S. Feuchtwanger, Esq., her attorney, and have served separate answers herein, to which reference will be made upon this motion. Fifth. That the basis of this action, as will appear from an examination of the complaint, is the averment on the part of the plaintiffs that the defendant Barabas Simon, with the intent of making an assignment for the alleged benefit of his creditors, gave to the defendant Cecile Gabrielle Simon a mortgage upon certain of his property to secure an alleged

indebtedness, which indebtedness was nonexistent and fictitious; also that he paid her on account of an alleged indebtedness, just before the assignment, $1,750, and that the indebtedness so paid was fictitious and nonexistent; also that he has preferred her in the assignment for an alleged indebtedness of $2,500, which alleged indebtedness is also nonexistent and fictitious; and that at the time of the making of said chattel mortgage, said payment, and of said assignment, the said Barabas Simon was not indebted to the said Cecile Gabrielle Simon, who is his wife, in any sum whatever; that the fact that nothing was owing from said Barabas Simon to his said wife will be made to appear primarily from the books and papers of the defendant Barabas Simon, which have been by him delivered to his said assignee and defendant Joseph Weill, and which are now, as your petitioners are informed and believe, in the possession of said Joseph Weill; that said books and papers consist, as your petitioners are informed by said Barabas Simon, and believe, (1) of the cash book; (2) of two ledgers known as "Customers' Ledgers;" (3) of sundry order books; (4) of a letter file, containing the unpaid bills rendered said Barabas Simon by his creditors; (5) of a patent letter file containing bills paid by said Barabas Simon; (6) of a check book and book of check stubs; and (7) of checks returned to said Simon by his bank,—all of which are, as aforesaid, in the possession of said assignee. Sixth. That your petitioners are informed—and verily believe—by said Barabas Simon that it will appear from an examination of said books and papers just what moneys have come into the possession of said Barabas Simon since he first started business in December, 1889, and from whom he received them, also what moneys he paid out, and what debts he incurred; that your said petitioners believe that from said papers and books it will appear that no moneys were ever received by the defendant Barabas Simon from the defendant Cecile Gabrielle Simon, and that his alleged indebtedness to her is fictitious; that your petitioners' belief in this respect is founded upon statements made by said Barabas Simon upon his examination in proceedings supplementary to execution taken against him by B. Fischer & Co., and to which your petitioners were not parties; that said examination is not annexed hereto for the reason that it has not yet been signed or sworn to by said Barabas Simon, it being incomplete, and not concluded.    Seventh. That such examination of said books and papers as will disclose and prove the aforesaid facts can only be made by an accountant skilled in the making of such examinations, and would occupy too long a time to be made upon the trial of this action, and said examination is absolutely necessary to the preparation of the plaintiff for the trial of this action, and to prove the plaintiff's case.    Eighth. That none of said books or papers are in the possession or under the control of your petitioners, nor have they any copies of the same or extracts therefrom.    Ninth. That on or about the 14th day of December, 1892, your petitioners applied to the defendants Barabas Simon and Joseph Weill, through their attorneys, Messrs. Kantrowitz & Esberg, for an inspection and examination of said books, and Mr. Esberg, one of the attorneys for the defendants, as their attorney, refused to permit such inspection without an order of the court, inasmuch as the inspection could not properly be made without permitting the said papers and books to pass into the custody of the person making the inspection for several days, but he stated to the counsel for your petitioners that he would consent, upon application being made therefor, to the making of an order directing the delivery of said books and papers to said counsel, or any other person to be appointed by the court, for the purpose of having such inspection made, saying that his only object was to protect the said defendant Joseph Weill, and not to prevent the examination and inspection of the books and papers.    Tenth. That your petitioners desire to have the said examination made by or under the direction of Mr. William H. Vesey, a man of thorough responsibility, and who is an expert accountant; and they ask that said books and papers be delivered to said Vesey as referee for the purpose of making such an inspection.    Eleventh. That your petitioners have not made any prior application for the annexed or any similar order.    Wherefore, your petitioners pray that the said defendant Joseph Weill may be required to deposit said books and papers

with the referee to be appointed by order of this court for such inspection or discovery, or to deliver sworn copies thereof to your petitioners; and also for such other and further relief as in the premises may be just.

The order of BARRETT, J., on the foregoing petition is as follows:

On the annexed petition of the plaintiffs, and on the summons and complaint in this action and the answers of the several defendants, and on motion of H. Huffman Browne, of counsel for the plaintiffs, it is ordered that the defendant Joseph Weill be, and he hereby is, required to permit the plaintiffs to inspect and examine the several books and papers received by him from the defendant Barabas Simon, and described in the annexed petition, to wit, the cash book, two ledgers known as "Customers' Ledgers," order books, letter file containing unpaid bills, patent letter file containing paid bills, check book and book of check stubs, and returned checks, which were used in his business by Barabas Simon; and that for that purpose he, within five days after service hereof, deposit and leave for a period of ten days with William H. Vesey, Esq., (at his office No. 31 Nassau St., New York city,) who is hereby appointed referee to direct and superintend said inspection, the said books and papers, or, at his option, that he make or cause to be made and delivered to the plaintiffs' attorney, within five days after the service of a copy of this order upon him, a sworn copy of the said books and papers, or, in default thereof, that the said Joseph Weill and the other parties to this action show cause at a special term of this court to be held in and for the city and county of New York, at the courthouse in said city, on the 23d day of January, 1893, at 10:30 A. M., or as soon thereafter as counsel can be heard, why he should not permit such discovery and inspection, and why the plaintiffs should not have such other and further relief as in the premises may be just and proper. New York, January 13, 1893.

H. Huffman Browne, (William W. Fletcher, of counsel,) for the motion.

M. Esberg and S. Feuchtwanger, (Kantrowitz & Esberg, of counsel,) opposed.

PATTERSON, J. This motion is properly made, and the order granted by Mr. Justice BARRETT should be sustained. The inspection and examination of the books is allowed, and, under section 807, Code Civil Proc., they must be deposited with Mr. John B. Pine, who is named as referee, to direct and superintend. The inspection and discovery must be made within 20 days.